IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GEORGANNA ECKER § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | Civil Action No. 2:23-cv-00038 |
| WEST TEXAS A&M UNIVERSITY and § | |
| TEXAS A&M UNIVERSITY SYSTEM § | |
| *Defendants*. § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants West Texas A&M University ("WTAMU") and The Texas A&M University System ("System") file this answer to Georganna Ecker's Complaint [Doc. #1]. Pursuant to the Federal Rules of Civil Procedure, Defendants deny each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Georganna Ecker's Complaint. Those titles are reproduced in this Answer for organizational purposes only, and Defendants do not admit any matter contained therein.

### Parties

1. Admit.
2. Admit.
3. Admit.

### Jurisdiction and Venue

4. This paragraph states a legal conclusion involving jurisdiction, and as such, requires no response.

5.  This paragraph states a legal conclusion involving venue, and as such, requires no response.

## Claim for Relief

6.  Admit that Ecker was the Director of Civil Rights and Title IX at WTAMU from September 2, 2019 to February 28, 2022. Deny that she was supervised by The Texas A&M University System and further deny that System exercised joint control over her employment.

7.  Admit that Ecker's only annual evaluation as Director of Title IX and Civil Rights had an overall rating of exceeds expectations. Deny the remaining allegations.

8.  Admit that Ecker investigated allegations of sex discrimination. Deny the remaining allegations.

9.  Admit that Ecker investigated allegations of sex discrimination against Sergeant Aaron Price. Deny that current and former female officers alleged discrimination against Lieutenant Nethery. Deny that Ecker found substantiation for violations of Title IX and Title VII or other violations of law.  Admit that Ecker placed Sgt. Price on suspension without seeking or obtaining approval in accordance with WTAMU process. Deny that Ecker's actions triggered retaliation by Chief Burns. Admit that Burns expressed concern for Ecker's oversight and involvement in the investigation.

10. Admit that on or about December 7, 2021 the investigation was transferred to System, resulting in Ecker's removal from the investigation. Defendants will not comment on Brian Bricker's attorney-client privileged communications.

11. Admit that Ecker wrote the quoted emails. Deny the remaining allegations.

12. Defendants lack sufficient knowledge to admit or deny what Ecker allegedly learned. Admit that Ecker's office was across the hall from the University Police Department.  Admit that

Ecker wrote an email to Chancellor John Sharp on or about December 17, 2021. Deny that the email received no response.

13.     Deny that Ecker was informed that she was being suspended and would be terminated by a human resources representative. Admit that Ecker was suspended with pay on February 4, 2022. Admit that Ecker was presented with an opportunity to resign in lieu of termination. Admit that Ecker rejected the offer presented.

14.     Admit that Sergeant Price was returned to work. Deny that allegations of sex discrimination were substantiated by Ecker. Deny that the bad actor was protected. Deny that the investigator was purged.

15.     Admit that Ecker was terminated with notice dated March 1, 2022. Deny the remaining allegations.

16.     Admit that Chief Burns made a comment about stacking bodies. Defendants lack knowledge or information sufficient to admit or deny what Chief Burns intended. Deny that WTAMU or System sought to brush off a retaliation allegation. Admit that Burns lacked authority to terminate Ecker. Deny that WTAMU or System protected Burns and Price by transferring the investigation from WTAMU to System Ethics and Compliance or terminating Ecker's employment.

17.     Deny.

18.     Deny.

19.     Admit that Ecker filed a charge of discrimination with the EEOC in July 2022, and the EEOC issued a right to sue letter dated February 13, 2023.

20. This paragraph states a legal conclusion, and as such, requires no response. To the extent any response is required, deny.

21. Deny.

22. This paragraph states a jury demand, and as such, requires no response. Defendants deny that Ecker is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

1. Defendants had legitimate, non-retaliatory reasons for all actions affecting Ecker that she contends were unlawful.

2. Defendants' actions relevant to this suit were done in good faith and without malice, willfulness, or intent. Any challenged action taken against Ecker was reasonably necessary to business or governmental operations.

3. Defendants assert the defenses of Eleventh Amendment immunity and sovereign immunity from suit and liability for all claims to which these defenses apply.

4. Ecker's claims are subject to all applicable statutory limitations, including the exemption of a government, government agency, or political subdivision from punitive damages.

5. Ecker's claims are barred to the extent she failed to exhaust her administrative remedies and thus failed to meet all conditions precedent and statutory prerequisites.

6. Ecker's claims are barred to the extent she relies upon any acts, events, allegations, or claims that fall outside the applicable statute of limitations period or the 300-day period prior to her charge.

7. Defendants assert Ecker has failed to mitigate her damages, if any.

8. Defendants assert the "after-acquired evidence" defense, in that evidence acquired through discovery likely independently supports a non-retaliatory basis for any employment decisions regarding Plaintiff.

9. Defendants reserve the right to amend or supplement these affirmative defenses as this case proceeds.

Dated: May 15, 2023

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER HILTON
Chief - General Litigation Division

/s/ *Drew L. Harris*
**DREW L. HARRIS**
Texas Bar No. 24057887
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX  78711-2548
(512) 463-2120 | (512) 320-0667 (FAX)
drew.harris@oag.texas.gov
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was served through CM/ECF filing, on this the 15th day of May, 2023, to:

David C. Holmes
LAW OFFICES OF DAVID C. HOLMES
13201 Northwest Freeway, Suite 800
Houston, TX 77339
713-586-8862
Fax: 713-586-8863
Email: dholmes282@aol.com
*Attorney for Plaintiff*

/s/ *Drew L. Harris*
**DREW L. HARRIS**